DAVID A. HUBBERT
Deputy Assistant Attorney General

CHRISTIAN MEJIA
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-305-7548 (v)
202-307-0054 (f)
Christian.Mejia@usdoj.gov

PHILLIP A. TALBERT
United States Attorney
Eastern District of California
*Of Counsel*

*Attorney for the United States of America*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| United States of America, Plaintiff, v. Bill H. Brooke; Estate of Shirley J. Brooke; Lori J. Scott, Shasta County Treasurer-Tax Collector, Defendants. | No. **COMPLAINT TO REDUCE FEDERAL TAX ASSESSMENTS TO JUDGMENT AND FORECLOSE FEDERAL TAX LIENS ON REAL PROPERTY** |
|---|---|

The United States of America, by and through undersigned counsel, complains and alleges as follows:

**INTRODUCTION**

1. The United States brings this civil action to (1) reduce to judgment certain federal tax assessments against Defendants Bill H. Brooke ("Mr. Brooke") and the Estate of Shirley J. Brooke ("the Estate") and (2) foreclose federal tax liens on real property commonly known as 10680 Swede Creek Road, Palo Cedro, CA 96073 ("Subject Property").

**JURISDICTION AND VENUE**

2. This action is authorized by the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and is brought at the direction of the Attorney General of the United States, in accordance with 26 U.S.C. §§ 7401 and 7403.

3. This Court has jurisdiction over this action under 26 U.S.C. §§ 7402 and 7403, and 28 U.S.C. §§ 1340 and 1345.

4. Venue lies in the Eastern District of California under 28 U.S.C. §§ 1391(b) and 1396. Mr. Brooke resides in this judicial district, the federal tax liabilities that are the subject of this action arose in this district, and the Subject Property is located in this district.

**DEFENDANTS**

5. Mr. Brooke is named as a Defendant in this action because he has unpaid federal tax liabilities and has an interest in the Subject Property.

6. Shirley J. Brooke ("Mrs. Brooke") died on July 3, 2017. The Estate is named as a Defendant in this action because Mrs. Brooke had unpaid federal tax liabilities and her unpaid federal tax liabilities survived her death. The Estate is also named as a Defendant because the Estate may claim an interest in the Subject Property.

7. Lori J. Scott, Shasta County Treasurer-Tax Collector, is named as a Defendant in this action under 26 U.S.C. § 7403(b) because Shasta County may claim an interest in the Subject Property.

**SUBJECT PROPERTY**

8. The Subject Property, APN: 061-080-007, on which the United States seeks to foreclose its tax liens, is commonly known as 10680 Swede Creek Road, Palo Cedro, CA 96073.

9. The Subject Property is more particularly described and identified as follows:

> THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE UNINCORPORATED AREA, COUNTY OF SHASTA, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:
>
> Lot 9, as shown on the map of Cow Creek Estates Subdivision, recorded in the office of the County Recorder December 6, 1963 in Book 12 of Maps at page 19, Shasta County Records.

10. By Grant Deed dated March 10, 2005, and recorded with the Shasta County-Recorder on March 11, 2005, instrument number 2005-0014223, Mr. Brooke acquired an ownership interest in the Subject Property.

11. Mr. Brooke is the sole owner of the Subject Property.

**FEDERAL TAX LIABILITIES AND LIENS**

**Tax Shelter Partnerships**

12. Jay Hoyt ("Hoyt") organized over 100 cattle-breeding partnerships.

13. In 2000, the United States Tax Court determined that Hoyt cattle operations constituted a tax shelter. *Durham Farms # 1 J.V. v. Commissioner*, T.C. Memo. 2000-159, *aff'd*, Fed. Appx. 952 (9th Cir. 2003).

**Mr. and Mrs. Brooke**

14. Mr. and Mrs. Brooke were partners in two Hoyt cattle-breeding partnerships.

15. These two partnerships were called Durham Genetic Engineering 1984-2, J.V. ("DGE 1984-2") and Hoyt Sons Ranches Trucking Partners ("Trucking Partners").

16. DGE 1984-2 and Trucking Partners were subject to the Tax Equity and Fiscal Responsibility Act of 1982 ("TEFRA"), Pub. L. 97-248, sec. 402, 96 Stat. 648.

**DGE 1984-2**

17. In 1987, 1988, and 1989, Mr. and Mrs. Brooke were partners in DGE 1984-2.

18. Mr. and Mrs. Brooke claimed losses from DGE-1984-2 on their federal income tax returns for tax years 1987, 1988, and 1989.

19. Mr. and Mrs. Brooke also carried their loss from DGE 1984-2 for the 1987 tax year back to their 1984 and 1986 tax years.

20. On March 7, 2011, the United States Tax Court entered a stipulated decision disallowing all losses from DGE 1984-2 for the 1988 and 1989 tax years. *Durham Genetic Engineering 1984-2, J.V.; Clarence Beardsley, Tax Matters Partner v. Commissioner of Internal Revenue*, 9720-94, Doc. No. 25. This decision became final on June 5, 2011.

21. On March 10, 2011, the United States Tax Court entered a stipulated decision disallowing all losses from DGE 1984-2 for the 1987 tax year. *Durham Genetic Engineering*

*1984-2, J.V.; Clarence Beardsley, Tax Matters Partner v. Commissioner of Internal Revenue*, 9767-94, Doc. No. 29. This decision became final on June 8, 2011.

**Trucking Partners**

22. Mr. and Mrs. Brooke claimed a loss from Trucking Partners on their federal income tax return for tax year 1989.

23. On March 8, 2011, the United States Tax Court entered a stipulated decision disallowing all losses from Trucking Partners for tax years 1988 and 1989. *Hoyt & Sons Trucking Partners, J.V.; Ernest Bartak, Tax Matters Partner v. Commissioner of Internal Revenue*, 5155-94, Doc. No. 36. This decision became final on June 6, 2011.

**Assessments**

24. Following the Tax Court decisions, the IRS removed all income and deductions from the partnership returns for DGE 1984-2 and Trucking Partners and then made computational tax adjustments to Mr. and Mrs. Brooke's federal income tax returns for tax years 1984, 1986, 1987, 1988, and 1989.

25. In addition, the IRS determined that Mr. and Mrs. Brooke were liable for penalties under 26 U.S.C. §§ 6653, 6661, and 6662 for tax years 1984, 1986, 1987, 1988, and 1989.

26. In *Bill H. and Shirley J. Brooke v. Commissioner of Internal Revenue*, 19825-12, Mr. and Mrs. Brooke conceded that they were liable for the tax described in paragraph 24, above, but disputed that they were liable for the penalties described in paragraph 25, above, on grounds that they acted with reasonable cause. *Bill H. and Shirley J. Brooke v. Commissioner of Internal Revenue*, 19825-12, Doc No. 18.

27. On November 26, 2013, the United States Tax Court entered a decision holding Mr. and Mrs. Brooke liable for the penalties described in paragraph 25, above. *Bill H. and Shirley J. Brooke v. Commissioner of Internal Revenue*, 19825-12, Doc No. 19.

//

//

//

**Assessments**

28. On the dates and in the amounts described in the table below, a duly authorized delegate of the Secretary of the Treasury of the United States made timely assessments against Mr. Brooke and Mrs. Brooke for federal income tax, penalties, interest, and other statutory additions as follows:

| Tax | Period | Assessment Date | Assessed Amount | | Outstanding Balance[1] as of 6/01/2022 |
|---|---|---|---|---|---|
| 1040 | 1984 | 6/4/2012 | Tax | $12,539.00 | $220,685.84 |
| | | 4/7/2014 | Substantial Understatement Penalty, 26 U.S.C. § 6661 | $3,134.75 | |
| | | 4/7/2014 | Negligence Penalty, 26 U.S.C. § 6653 | $45,009.34 | |
| | | 6/9/2014 | Failure to Pay Penalty, 26 U.S.C. § 6651 | $2,758.58 | |
| | | 11/30/2015 | Failure to Pay Penalty, 26 U.S.C. § 6651 | $376.17 | |
| 1040 | 1986 | 6/4/2012 | Tax | $10,953.00 | $218,659.51 |
| | | 4/7/2014 | Substantial Understatement Penalty, 26 U.S.C. § 6661 | $2,738.25 | |
| | | 4/7/2014 | Negligence Penalty, 26 U.S.C. § 6653 | $37,933.61 | |
| | | 6/9/2014 | Failure to Pay Penalty, 26 U.S.C. § 6651 | $2,464.42 | |
| | | 11/30/2015 | Failure to Pay Penalty, 26 U.S.C. § 6651 | $273.82 | |
| 1040 | 1987 | 6/4/2012 | Tax | $12,827.00 | |
| | | 4/7/2014 | Substantial Understatement Penalty, 26 U.S.C. § 6661 | $3,206.75 | |

[1] This outstanding balance includes accrued interest, penalties, and other statutory additions through June 1, 2022.

| | | | | | |
|---|---|---|---|---|---|
| | | 4/7/2014 | Negligence Penalty, 26 U.S.C. § 6653 | $47,407.83 | $261,989.90 |
| | | 11/30/2015 | Failure to Pay Penalty, 26 U.S.C. § 6651 | $3,206.75 | |
| 1040 | 1988 | 6/4/2012 | Tax | $9,115.00 | $334,363.50 |
| | | 4/7/2014 | Substantial Understatement Penalty, 26 U.S.C. § 6661 | $2,278.75 | |
| | | 4/7/2014 | Negligence Penalty, 26 U.S.C. § 6653 | $28,593.29 | |
| | | 11/30/2015 | Failure to Pay Penalty, 26 U.S.C. § 6651 | $2,228.74 | |
| 1040 | 1989 | 6/4/2012 | Tax | $8,605.00 | $1,698.40 |
| | | 4/7/2014[2] | Accuracy-Related Penalty, 26 U.S.C. § 6662 | $1,721.00 | |
| | | 11/30/2015 | Failure to Pay Penalty, 26 U.S.C. § 6651 | $2,150.16 | |

**Total: $1,037,397.15**

29. A duly authorized delegate of the Secretary of the Treasury of the United States gave timely notice of the assessments described in paragraph 28, above, to Mr. and Mrs. Brooke, and made a demand for payment of these assessments on them, as required by 26 U.S.C. § 6303.

30. Despite timely notice and demand for payment of the assessments described in paragraph 28 above, Mr. Brooke, Mrs. Brooke, and/or the Estate have neglected, refused, or failed to fully pay these assessments.

31. Since the dates of the assessments described in paragraph 28, above, interest, penalties, and other statutory additions have accrued and will continue to accrue as provided by law. Mr. Brooke and the Estate owe the United States $1,037,397.15 for the assessments described in paragraph 28, above, plus statutory additions which will continue to accrue from June 1, 2022.

---

[2] The IRS processed this assessment in April 2014. However, due to a clerical error, this assessment was recorded as assessed by the IRS on April 7, 2011 instead of April 7, 2014. The IRS is in the process of correcting this error.

**Federal Tax Liens**

32. As a result of the unpaid assessments described in paragraph 28, above, together with Mr. Brooke's and Mrs. Brooke's refusal or neglect to pay the assessed sums upon the IRS giving notice and making demand for payment, pursuant to 26 U.S.C. §§ 6321 and 6322, federal tax liens arose in favor of the United States upon all property and rights to property belonging to Mr. Brooke and Mrs. Brooke as of the date of each assessment. To the extent any of that property has become property of the Estate, it did so subject to the United States' federal tax liens.

33. In order to provide notice to third parties entitled to notice of the statutory liens under 26 U.S.C. § 6323, the IRS recorded the following Notices of Federal Tax Liens regarding the tax assessments described in paragraph 28, above, with the Shasta County Recorder, as follows:

| Recording Date | Instrument Number | Named Parties | Recording Document | Form 1040 Tax Periods |
|---|---|---|---|---|
| 2/25/2014 | 2014-0004867 | Bill H. and Shirley J. Brooke | Notice of Federal Tax Lien | 1987, 1988, 1989 |
| 12/17/2019 | 2019-0038951 | Bill H. and Shirley J. Brooke | Notice of Federal Tax Lien | 1984, 1986, 1987, 1988, 1989 |

**FIRST CLAIM FOR RELIEF:**
**REDUCE FEDERAL TAX ASSESSMENTS TO JUDGMENT AGAINST BILL H. BROOKE AND THE ESTATE**

34. The United States reasserts the allegations made in paragraphs 1 through 33, above, as if fully set forth here.

35. The United States is entitled to a judgment against Mr. Brooke for the unpaid balance of the assessments described in paragraph 28, above, which as of June 1, 2022, totaled $1,037,397.15, plus statutory interest, penalties, and other statutory additions accruing to the date of payment.

36. The unpaid balance of the assessments described in paragraph 28, above, survived the death of Mrs. Brooke. Accordingly, the United States is entitled to a judgment against the Estate for the unpaid balance of the assessments described in paragraph 28, above, which as of

June 1, 2022, totaled $1,037,397.15, plus statutory interest, penalties, and other statutory additions accruing to the date of payment.

**SECOND CLAIM FOR RELIEF:**
**FORECLOSE FEDERAL TAX LIENS AGAINST THE SUBJECT PROPERTY**

37. The United States reasserts the allegations made in paragraphs 1 through 36, above, as if fully set forth here.

38. Pursuant to 26 U.S.C. §§ 6321 and 6322, federal tax liens arose on the assessment dates shown on the table in paragraph 28, above, in favor of the United States and attached by operation of law to all property and rights to property of Mr. Brooke and Mrs. Brooke, including the Subject Property. To the extent any of that property has been transferred to the Estate, it was transferred subject to the federal tax liens.

39. The United States perfected these lien interests by recording Notices of Federal Tax Lien with the Shasta County Recorder, as described in paragraph 33, above.

40. The federal tax liens arising from the assessments described in paragraph 28, above, have priority over all interests in the Subject Property acquired after the attachment of the federal tax liens, subject to the provisions of 26 U.S.C. § 6323.

41. Pursuant to 26 U.S.C. § 7403(c), the United States may enforce its tax liens by foreclosing upon and selling the Subject Property, and is entitled to a decree of sale of the Subject Property to enforce its tax liens.

42. The United States seeks to foreclose the federal tax liens described above through a sale of the Subject Property.

WHEREFORE, the United States respectfully requests that the Court grant the following relief:

A. That this Court enter judgment in favor of the United States and against Bill H. Brooke for unpaid federal income taxes for the 1984, 1986, 1987, 1988, and 1989 tax years for $1,037,397.15, plus statutory interest, penalties, and other statutory additions accruing after June 1, 2022, as provided by law;

B. That this Court enter judgment in favor of the United States and against the Estate for unpaid federal income taxes for the 1984, 1986, 1987, 1988, and 1989 tax years for $1,037,397.15, plus statutory interest, penalties, and other statutory additions accruing after June 1, 2022, as provided by law;

C. That this Court determine the validity and priority of all liens on and other interests in the Subject Property and order that the proceeds from any judicial sale of such property be distributed accordingly;

D. That this Court determine that the United States has valid and subsisting liens against the Subject Property;

E. That this Court order that the federal tax liens encumbering the Subject Property be foreclosed, and that the Subject Property be sold to satisfy the outstanding delinquent federal tax assessments of Mr. Brooke and Mrs. Brooke subject to the rights of the remaining defendants in the Subject Property; and

F. That this Court grant the United States its costs in this action and such other further relief as the Court deems just and proper.

Dated: June 3, 2022.

Respectfully submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General

*/s/ Christian Mejia*
CHRISTIAN MEJIA
Trial Attorney, Tax Division
U.S. Department of Justice

PHILLIP A. TALBERT
U.S. Attorney, E.D. Cal.
*Of Counsel*

*Attorney for the United States*