UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:22-cv-00960-DC-CSK |
| Plaintiff, | |
| v. | ORDER DENYING DEFENDANT BILL H. BROOKE'S MOTION FOR RECONSIDERATION |
| BILL H. BROOKE, et al., | |
| Defendants. | (Doc. No. 63) |

This matter is before the court on Defendant Bill H. Brooke's *pro se* motion for reconsideration of the court's order entering judgment in this case pursuant to a stipulation filed by the parties. (Doc. No. 63.) On October 30, 2024, Plaintiff United States filed an opposition to Defendant Brooke's motion. (Doc. No. 64.) Defendant Brooke did not thereafter file a reply.

On June 3, 2022, Plaintiff United States filed the complaint initiating this action seeking to reduce to judgment outstanding federal tax assessments against Defendant Brooke and to foreclose federal tax liens upon certain real property owned by Defendant Brooke. (Doc. No. 1.) On September 6, 2024, the parties filed a joint stipulation and proposed judgment, which the court adopted on September 19, 2024, and judgment was entered in favor of Plaintiff United States and against Defendant Brooke on September 23, 2024. (Doc. Nos. 57, 60.)

On October 21, 2024, Defendant Brooke filed the pending one-page motion, in which he states that he is "asking the court to dismiss this judgment," because he had agreed to move out of

1

his house, and Plaintiff's counsel agreed "not to bother [him] again," but then Plaintiff filed a new motion. (Doc. No. 63.) However, as Plaintiff correctly notes in its opposition to the pending motion, Defendant Brooke is mistaken because no such new motion was filed. (Doc. No. 64.) Rather, consistent with the terms of the parties' September 6, 2024 stipulation, Plaintiff had concurrently filed a motion to appoint a receiver to arrange for the sale of the subject property (Doc. No. 58), which the court granted on October 11, 2024 (Doc. No. 62). Indeed, pursuant to the terms of the parties' stipulation, Defendant Brooke had agreed not to oppose Plaintiff's concurrently-filed motion to appoint a receiver, and he agreed to "permanently vacate the Subject Property no later than 12 months after the entry of the Court's order granting the United States' Unopposed Motion." (Doc. No. 57 at ¶¶ 14–15.) Further, in its opposition, Plaintiff states that shortly after Defendant Brooke filed his pending motion, Plaintiff's counsel communicated with Defendant Brooke to provide clarification and explain that no new motions were filed. (Doc. No. 64 at 2.) In response, Defendant "Brooke communicated to [Plaintiff's] counsel something to the effect that he would review his documents and file a supplemental response to his request if necessary." (*Id.*) As noted above, Defendant Brooke did not file a reply in support of his motion or any other form of response.

While the relief Defendant Brooke seeks and the legal basis for that relief is not entirely clear, his filing appears to essentially be a motion for reconsideration, which is how the court will construe his motion.

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."

*Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

      Here, Defendant Brooke's motion does not identify any basis under Rule 60(b) upon which this court should reconsider its order entering judgment in this action. Accordingly, Defendant Brooke's motion for reconsideration (Doc. No. 63) is denied.

      IT IS SO ORDERED.

Dated: **January 3, 2025**

                                                Dena Coggins
United States District Judge